IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FELIPE BEDOLLA,**

                **Plaintiff,**

       **v.**                                        **CASE NO. 06-3012-RDR**

**CHARLES A. O'HARA, et al.,**

                **Defendants.**

O R D E R

Plaintiff proceeds pro se on a form civil complaint for filing under 28 U.S.C. § 1331. Plaintiff submitted the complaint while confined in a Kansas facility operated by the Corrections Corporation of America. Before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $250.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation in this court,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this

---

[1] *See* Bedolla v. Corrections Corporation of America, Case No. 06-3011-RDR (remainder of $250.00 district court filing fee).

prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks damages from three attorneys plaintiff hired to defend him in his federal criminal case.[2] Plaintiff claims all three defendants provided false and ineffective assistance of counsel in his criminal case, and fraudulently accepted and retained plaintiff's funds.  Having reviewed the record and these allegations, the court finds the complaint should be dismissed.

Under 28 U.S.C. § 1331, a federal court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  See 28 U.S.C. § 1331 (federal question jurisdiction).  This includes an action against federal officials for the alleged deprivation of an individual's constitutional rights.  See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).  To establish a Bivens cause of action, a party must have some evidence to support a finding that a federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff.  Id. See Seigert v. Gilley, 500 U.S. 226 (1991)(to support a Bivens

---

[2]See U.S. v. Bedolla-Izazaga, Case No. 04-40001-SAC.

2

claim, alleged conduct must rise to level of constitutional violation). Plaintiff's allegations fail to establish any such claim.

Significantly, plaintiff's allegations involve no defendant acting as a federal agent. It is recognized that defense attorneys serve the interest of their client and do not act as a governmental agent in a criminal proceeding. *See e.g.* Polk County v. Dodson, 454 U.S. 312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983)(attorneys engaged in the private practice of law are not acting under color of state law). Also, the Supreme Court has refused "to extend Bivens liability to any new context or new category of defendants." Correctional Services Corporation v. Malesko, 534 U.S. 61, 68 (2001). Accordingly, the court finds plaintiff's allegations state no claim for relief under Bivens against any of the defendants named in the complaint.

Plaintiff's allegations of theft and malpractice against the defendants do not involve a federal question for the purpose of establishing jurisdiction to proceed in federal court under 28 U.S.C. § 1331, and the court exercises no supplemental jurisdiction over these state tort claim. *See* 28 U.S.C. § 1367(c)(3)(expressly authorizing district court to decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

Because amendment of the complaint to cure the deficiencies identified herein would be futile, the court concludes the complaint

3

should be dismissed as stating no claim for relief.  *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the district court filing fee to proceed under 28 U.S.C. § 1915(b)(2) after plaintiff has satisfied his outstanding fee obligation.

IT IS FURTHER ORDERED that complaint is dismissed as stating no claim for relief.

The clerk's office is to provide a copy of this order to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 28th day of July 2006 at Topeka, Kansas.


 s/ Richard D. Rogers  
RICHARD D. ROGERS  
United States District Judge